UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMIEAN TREMAINE JOHNSON, | ) | Case No. CV 20-0977-PSG (PJW) |
| Petitioner, | ) ) ) | [PROPOSED] ORDER DISMISSING SECOND AND SUCCESSIVE HABEAS CORPUS PETITION |
| v. | ) ) | |
| R.C. JOHNSON, | ) ) | |
| Respondent. | ) ) | |

    Before the Court is a habeas corpus petition in which Petitioner seeks to challenge a 2008 state conviction a second time. He contends that a 2016 change in California law allows him to do so. For the following reasons, the petition is dismissed without prejudice on the ground that it is second and/or successive.

    In 2008, Petitioner was convicted in state court of murder and kidnapping and sentenced to 80 years to life. In 2012, he filed a habeas corpus petition in this court, challenging his conviction. The petition was denied in 2017. (*Johnson v. McQuen*, CV 12-7668-PSG (LAL), December 28, 2017 Order.) In 2018, the Ninth Circuit Court of Appeals denied his request for a certificate of appealability. (*Johnson v. McQuen*, CCA No. 18-55127, July 13, 2018 Order.)

In September 2018, Petitioner filed a motion for relief from judgment under Federal Rules of Civil Procedure Rule 60(b), arguing that a 2016 state law that authorized state prisoners to file habeas corpus petitions if they discovered new evidence authorized him to proceed. The Court denied the motion, explaining that the change in state law did not provide a basis for proceeding in federal court.

Petitioner is back again, again arguing that the 2016 state law authorizes him to proceed in federal court. Petitioner is mistaken. Absent an order from the Ninth Circuit Court of Appeals, Petitioner may not challenge his 2008 conviction a second time. *See* 28 U.S.C. § 2244; *see also Burton v. Stewart,* 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Further, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its ruling, Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly, the Petition is dismissed without prejudice.

IT IS SO ORDERED.

DATED: 3/11/2020

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\wendyhernandez\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\MGVWFKS6\Ord_dismiss_successive pet.wpd

2